# IN THE UNITED STATES DISTRICT COURT
## NORTHER DISTRICT OF GEORGIA
## ATLANTA DIVISION

**JULIO JOSE HIGUERA**

Petitioner

vs

**ROSMARY DEL CARMEN ABREU JIMENEZ**

Respondent

CAFN# 1:23-cv-05023-LMM

## ANSWER TO PETITION FOR RETURN OF CHILD TO VENEZUELA

### INTRODUCTION

1. Respondent Rosemary Del Carmen Abreu Jiminez, by and through Counsel file this Answer to Petition for Return of Child to Venezuela.

2. Petitioner's mischaracterization of the facts regarding custody of their minor child is reflective of the six-year legal battle that the parties have had.

### STATEMENT OF FACTS

3. Respondent agrees with Petitioner's Statement of Facts, Paragraphs 6-12.

4. Respondent disagrees with Paragraph 13 and paragraph 14. The sole reason for the temporary custody agreement was for Mother to settle any immigration issues before the minor child would continue to reside with her.

5. Respondent agrees with facts presented in paragraphs 15 through 19.

6. Respondent denies making any baseless allegations but does agree that she informed Petitioner of her intention to retain custody under the terms of the Subsection 4 of the Temporary Custody Order in paragraph 20.

7. Respondent denies Petitioner's allegations in Paragraphs 21- 23. Mother has abided by the terms of the Temporary Order in the rescission of Petitioner's Custodial rights.

8. Respondent agrees that Father has not agreed to their daughter currently staying here in the United States as stated in paragraphs 24 and 25.

COUNT ONE

9. Defense One: Respondent denies any allegations that she wrongfully retained Custody of the Parties' Minor Child. Respondent is currently the legal custodian under the terms of the Temporary Custody Order and Venezuelan Law. Subsection 4 of the Temporary Order allows Mother, upon certain beliefs of harm and at her sole discretion, to revoke Father's custodial rights. Mother informed Father that she was exercising said power. Since Father was not exercising a custodial right, Article 13 does not apply in this case.

10. Defense Two: It Respondent's belief that there is grave risk that the child's return would expose the child to physical or psychological harm or otherwise place the child in an intolerable situation, as described in Article 13(b). Evidence and testimony will show specifically that:

    a. Petitioner's live-in girlfriend encourages the minor child to engage in violent behavior upon other family members. The girlfriend emotionally rewards the minor child for striking her siblings as a means of getting her way.

    b. Minor Child is occasionally forced to share a bed with an unrelated 11 year old male child who is the son of the girlfriend.

    c. Petitioner's live in girlfriend emotionally rewards and encourages the 8 year old child to wipe her feces on pieces of furniture in Respondent's home.

11. Defense Three: Since the Minor Child has entered the United States, the minor child's biological father has filed a legitimation and Custody action in the Superior Court of Gwinnett County. (Civil Action File Number:     ) This Action gives the State Court interest in the whereabouts of the child and removing the child from the State would deny the biological father his right to be involved in the child's life.

RELIEF REQUESTED

Respondent requests that Petitioner's *Verified Petition for the Return of Child to Venezuela* be denied.

Respectfully submitted this 13th day of November, 2023

/s/ *Adam Stein*
Adam Stein
Attorney for Petitioner
Ga Bar # 677805

Law Office of Daniel J Ortiz, LLC
570 Colonial Park Drive
Suite 310
Roswell, Georgia 30075
Telephone 404 343 0091
AStein@DanOrtizLaw.com